Amanda M. Hansen (17227)
Nathaniel F. McKean (17273)
BEAR LAW GROUP
532 N Colorado St, Salt Lake City, UT 84116
(801) 448-6167
bearlawgroup@outlook.com
Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, SOUTHERN DIVISION**

| | |
|---|---|
| DORIS MCNALLY and DANIELLE STIRLING,<br><br>Plaintiffs,<br><br>vs.<br><br>TOWN OF LEEDS, a Utah municipality; WILLIAM HOSTER, individually; and TROI GEE HOSTER, individually,<br><br>Defendants. | **NOTICE OF ERRATA REGARDING PLAINTIFFS' OPPOSITION TO DEFENDANT WILLIAM HOSTER'S MOTION TO DISMISS**<br><br>Case No. 4:26-cv-00045-AMA-PK<br><br>Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

Plaintiffs Doris McNally and Danielle Stirling respectfully submit this Notice of Errata to correct citation and quotation-attribution errors in Plaintiffs' Opposition to Defendant William Hoster's Motion to Dismiss (ECF No. 28) (the "Opposition"), filed June 17, 2026. This Notice corrects those errors only. It adds no new argument, does not change the relief requested in the Opposition, and does not seek leave to file supplemental briefing.

Plaintiffs regret these errors and submit the following corrections promptly.

**1. Statutory quotation at page 6 of the Opposition.**

Page 6 of the Opposition incorrectly presented a paraphrase of Utah Code § 10-3b-401 as a direct quotation. The Opposition stated:

"the legislative power and the executive power of the municipality shall be exercised through and by a municipal council comprised of five members."

Plaintiffs withdraw that language as a direct quotation from Utah Code § 10-3b-401.

The text of Utah Code § 10-3b-401 provides:

"The powers of municipal government in a municipality operating under the five-member council form of municipal government are vested in a council consisting of five members, one of which is a mayor."

Accordingly, the corresponding sentence on page 6 of the Opposition should read:

Utah law makes that interest concrete. Under the five-member council form, "[t]he powers of municipal government ... are vested in a council consisting of five members, one of which is a mayor." Utah Code § 10-3b-401.

## 2. Citation to *Klen* on page 4 of the Opposition.

Page 4 of the Opposition cited *Klen v. City of Loveland*, 661 F.3d 498, 508 (10th Cir. 2011), for the proposition that retaliatory conduct may be assessed in context rather than by isolating each component act. That citation was incorrect. Plaintiffs withdraw the *Klen* citation for that proposition.

The governing First Amendment retaliation standard was already cited earlier in the Opposition as *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000), and *Leverington v. City of Colorado Springs*, 643 F.3d 719, 729 (10th Cir. 2011). To the extent Plaintiffs intended to cite supporting authority for the page 4 proposition, the intended citations were:

*Van Deelen v. Johnson*, 497 F.3d 1151, 1157 (10th Cir. 2007) (official intimidation could chill a person of ordinary firmness from petitioning government); *Bart v. Telford*, 677 F.2d 622,

625 (7th Cir. 1982) (a campaign of petty harassments may be actionable where acts that are trivial in detail are substantial in the aggregate); *Phillips v. Bowen*, 278 F.3d 103, 109 (2d Cir. 2002) (a combination of seemingly minor incidents may become actionable once they reach a critical mass).

### 3.  Citation to *Klen* on page 5 of the Opposition.

Page 5 of the Opposition also cited *Klen v. City of Loveland*, 661 F.3d 498, 508 (10th Cir. 2011), for the proposition that an official may not use coercive official processes to retaliate against protected speech. That citation was incorrect. Plaintiffs withdraw the *Klen* citation for that proposition.

The governing First Amendment retaliation standard was already cited earlier in the Opposition as *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000), and *Leverington v. City of Colorado Springs*, 643 F.3d 719, 729 (10th Cir. 2011). To the extent Plaintiffs intended to cite authority for retaliatory official intimidation outside the employment context, the intended supporting citation was *Van Deelen v. Johnson*, 497 F.3d 1151, 1157 (10th Cir. 2007). The immediately following citations to *Pierce v. Gilchrist*, 359 F.3d 1279, 1292–93 (10th Cir. 2004), and *DeLoach v. Bevers*, 922 F.2d 618, 622 (10th Cir. 1990), remain as cited for the separate proposition that an official may be liable where the official's own false or retaliatory conduct causes official action resulting in constitutional injury.

**Conclusion.**

Plaintiffs respectfully submit these corrections to ensure the record accurately reflects the authorities cited in the Opposition. This Notice narrows and corrects the cited material and does not add any new argument.

DATED this 12th day of July, 2026.

BEAR LAW GROUP

/s/ Amanda M. Hansen
Amanda M. Hansen (17227)
Nathaniel F. McKean (17273)
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that on July 12, 2026, I caused a true and correct copy of the foregoing Notice of Errata to be filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record, including the following:

Gregory N. Hoole (7894)
Ruth Hackford-Peer (15049)
HOOLE & KING, L.C.
4276 S Highland Drive, Salt Lake City, UT 84124
gregh@hooleking.com | ruthhp@hooleking.com
Attorneys for Defendant Town of Leeds

Matthew D. Church (15574)
Madelyn Jacobsen (20257)
MANNING CURTIS BRADSHAW & BEDNAR PLLC
201 South Main Street, Suite 750, Salt Lake City, UT 84111
mchurch@mc2b.com | mjacobsen@mc2b.com
Attorneys for Defendant William Hoster

Brady Brammer (13411)
Matthew C. Piccolo (15707)
MacRorie Hewitt (20240)
BRAMMER RANCK, LLP
3300 N. Triumph Blvd., Suite 100, Lehi, UT 84043
bbrammer@brfirm.com | mpiccolo@brfirm.com | mhewitt@brfirm.com
Attorneys for Defendant Troi Gee Hoster

/s/ Amanda M. Hansen
Amanda M. Hansen